IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CHAD A. MYERS and EMILY J. MYERS,<br><br>Plaintiffs,<br><br>vs.<br><br>BAC HOME LOANS SERVICING, LP; BANK OF AMERICA, N.A.; AMERICA WHOLESALE LENDERS, INC.; COUNTRYWIDE HOME LOANS SERVICING, LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and co-defendants RECONTRUST COMPANY, N.A., and all other parties known or unknown thereof,,<br><br>Defendants. | CV 13-53-M-DWM-JCL<br><br>FINDINGS AND RECOMMENDATION |

Defendant Bank of America, N.A, successor by merger to BAC Home Loans Servicing LP, f/k/a Countrywide Home Loans Servicing, LP, Countrywide Home Loans, Inc., d/b/a America's Wholesale Lender, Mortgage Electronic Registrations Systems, Inc. ("MERS"), and ReconTrust Company, N.A. ("ReconTrust") (collectively "Defendants") have moved under Federal Rule of Civil Procedure 55(c) to set aside the default entered against them. Because they

PAGE 1

have established good cause for setting aside the entry of default, Defendants' motion should be granted.

**I.     Background**

In September 2005, pro se Plaintiffs Chad and Emily Myers ("Plaintiffs") obtained a $162,400 mortgage loan on residential real property located in Kalispell, Montana. The loan was secured by a Deed of Trust on the property identifying non-party Mann Financial, Inc. as the lender, non-party Stewart Title as the trustee, and MERS as beneficiary. Dkt. 20-1, at 1-2.

On July 1, 2010, MERS assigned the Deed of Trust to BAC Home Loans, and BAC Home Loans substituted ReconTrust as trustee. Dkt. 20-2; 20-3. The next day, ReconTrust filed a Notice of Trustees Sale citing the Plaintiffs' "failure to pay the monthly installment which became due on 03/01/2010, and all subsequent installments...." Dkt. 20-4. Apparently, ReconTrust subsequently cancelled the sale and Plaintiffs still reside at the property. Dkt. 8, ¶ 1.

Plaintiffs filed their original complaint on March 1, 2013, alleging several claims against Defendant related to the origination, securitization, and enforcement of the loan. Dkt. 1. Pursuant to an order by the Court, Plaintiffs' amended their complaint on March 22, 2013, to include both of their signatures. Dkt. 8. Generally speaking, Plaintiffs challenge the validity of various loan-

related documents and claim that Defendants lack authority to foreclose on the property. Dkt. 1, 8.

On May 13, 2013, Plaintiffs filed a request for entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure based on Defendants' failure to timely answer. Dkt. 9. Based on the dates of service set forth in Plaintiffs' supporting affidavit and proof of service documents, the Clerk of Court entered default against Defendants on May 17, 2013. Dkt. 10. Defendants have since moved to set aside the entry of default pursuant to Rule 55(c).

## II. Legal Standards

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause...." Fed. R. Civ. P. 55(c). Whether to set aside the entry of default is within the court's discretion. *See O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994). In determining whether "good cause" is present, the court must consider three factors: "'(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Brandt v. American Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011) (*quoting Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

These factors are disjunctive, which means that the court is free to deny a motion to set aside an entry of default "if any of the three factors [is] true."

PAGE 3

*Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004). The court is not required to do so, however, and may, in the exercise of its discretion, set aside a default even if it finds that one of the "good cause" factors is true. *Brandt*, 653 F.3d at 1111-12 (setting aside default notwithstanding fact that defendant acted culpably).

Entering "judgment by default is a drastic step," and one that the Ninth Circuit cautions is "appropriate only in extreme circumstances." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2011) (*quoting Falk*, 789 F.2d at 463). As a general rule, "a case should, whenever possible, be decided on the merits." *Mesle*, 615 F.3d at 1091 (*quoting Falk*, 789 F.2d at 463). "Where timely relief is sought from a default...and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default...." *O'Connor*, 27 F.3d at 364 (*quoting Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945 (9th Cir. 1986)). Nonetheless, the party seeking to set aside the entry of default bears the burden of showing that the "factors favor vacating the judgment." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).[1]

---

[1] The Ninth Circuit views the "good cause" required for relief from the entry of default under Rule 55(c) and the "excusable neglect" required to set aside a default judgment under Rule 60(b)(1) as generally the same. *TCI Group*, 249 F.3d at 696; *see also Franchise Holdings II*, 375 F.3d at 926.

## III. Discussion

### A. Prejudice

Defendants argue that Plaintiffs will not suffer any prejudice if the entry of default is set aside. Defendants are correct.

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case" or "being forced to litigate on the merits." *TCI Group*, 244 F.3d at 701. The appropriate standard for the court to consider "is whether plaintiff's ability to pursue his claim will be hindered. " *TCI Group* 244 F.3d at 701. Any delay caused by the default "must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *TCI* Group, 244 F.3d at 701 (citation omitted).

Applying these standards here, there is no evidence that Plaintiffs will be prejudiced if the entry of default is set aside. The clerk entered default on May 17, 2013, and Defendants made their first appearance in the case through counsel two weeks later, on May 31, 2012. Dkt. 10, 14. Defendants moved to set aside the default on June 4, 2013. Dkt. 19. There is nothing to suggest that the short delay in Defendants' appearance in the case will have any prejudicial effect on Plaintiffs' ability to pursue their claims or result in any tangible harm, such as loss of evidence, discovery difficulties, or a greater opportunity for fraud or collusion.

PAGE 5

This case is still in its earliest stages, and any delay associated with setting aside the entry of default before a scheduling order has even been entered will be minimal.

      B.    <u>Meritorious Defenses</u>

A party seeking to set aside a default "must present specific facts that would constitute a defense." *TCI Group*, 244 F.3d at 700 (citations omitted). As described by the Ninth Circuit, this burden is not an "extraordinarily heavy" one. *TCI Group*, 244 F.3d at 700. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Mesle*, 615 F.3d at 1094 (*quoting TCI Group*, 244 F.3d at 700). The question of whether those factual allegations are true "is not to be determined by the court when it decides the motion to set aside the default." *Mesle*, 615 F.3d at 1094 (*quoting TCI Group*, 244 F.3d at 700). "Rather, that question 'would be the subject of the later litigation.'" *Mesle*, 615 F.3d at 1094 (*quoting TCI Group*, 244 F.3d at 700).

It is worth noting at the outset that presiding Judge Donald Molloy has already denied a motion by Plaintiffs for a temporary restraining order on the ground that "they are not likely to succeed on the merits of their claims." Dkt. 6. Consistent with this initial determination, Defendants have offered several

potential meritorious defenses in support of their motion to set aside the entry of default.

Plaintiffs have alleged several claims for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and its implementing regulations, 12 C.F.R. §§ 226 et seq. Plaintiffs also allege multiple violations of the Residential Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq. Dkt. 8, at 9-14 & 15-16. Defendants point out that TILA establishes a one year statute of limitations for bringing claim alleging money damages, and a three year statute of limitations for rescission claims. *See* 15 U.S.C. §§ 1640(e) & 1635(f). Likewise, Defendants note that RESPA claims under 12 U.S.C. § 2605 must be brought within three years of the alleged violation. 12 U.S.C. § 2614. Because Plaintiffs executed their loan documents in September 2005 – more than seven years before they filed this action – Defendants argue Plaintiffs TILA and RESPA claims are time-barred. While Plaintiffs may dispute that these claims are time barred, it is enough for now that Defendants have identified legitimate legal issues and alleged facts that, if true, could operate as a meritorious defense.

To the extent that Plaintiffs have alleged fraud, Defendants maintain that their claims fail as a matter of law because they are not pled with sufficient particularity as required by Fed. R. Civ. P. 9(b). This too is a potentially meritorious defense.

PAGE 7

Plaintiffs have also pled a claim for violations of the Fair Debt Collections Practice Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Dkt. 8, at 14. Defendants argue this claim is not pled with sufficient factual detail, and even if it is, it fails to state a claim for relief because a foreclosure is not a "debt collection" within the meaning of the FDCPA and Defendants are not "debt collectors." Plaintiffs may well view matters differently, but Defendants have at least presented a potentially meritorious defense.

To the extent Plaintiffs allege wrongful foreclosure, Defendants maintain their claims fail as matter of law because they lack standing to challenge the validity of any assignment, and because Defendants have at all times proceeded with the foreclosure in compliance with the statutory requirements. Once again, Plaintiffs may argue otherwise, but for purposes of setting aside the entry of default Defendants have raised potentially meritorious defenses.

Finally, Defendants argue that Plaintiffs have failed to state a claim for relief under Montana's Unfair Trade Practices and Consumer Protection Act ("CPA"), Mont. Code Ann. § 33-14-101, et seq., and failed to state a claim for negligent supervision. Whether Defendants are correct remains to be seen. But for now, these are potentially meritorious defenses.

In response to Defendants' motion, Plaintiffs focus exclusively on the question of whether Defendants acted culpably in failing to answer and do not

PAGE 8

address the viability of these various defenses. But even assuming Plaintiffs legitimately dispute whether Defendants will ultimately be able to prevail on their defenses, it is sufficient for present purposes that Defendants have identified legal issues and alleged facts which, if later proved true, would be a defense to the action. Because Defendants have offered potentially meritorious defenses, this factor weighs heavily in favor of setting aside the default.

    C.    <u>Culpability</u>

A defendant's conduct is considered "culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Group*, 244 F.3d at 697 (*quoting Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1292 (9th Cir. 1988)). "[T]he term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *Mesle*, 615 F.3d at 1092 (*quoting TCI Group*, 244 F.3d at 697).

Defendants do not address this factor in their motion, and instead argue that the entry of default should be set aside because they have potentially meritorious defenses, and Plaintiffs will not be prejudiced if the default is set aside. Even assuming, without deciding, that Defendants' conduct in failing to timely answer

PAGE 9

was culpable, the first two *Falk* factors weigh conclusively in favor of setting aside the default. As discussed above, Defendants have met their burden of showing they have potentially meritorious defenses, and setting aside the entry of default will not cause the Plaintiffs any prejudice. Particularly in light of the strong policy favoring resolution of cases on the merits, the default entered against Defendants should be set aside.

### III. Conclusion

Because Defendants have established good cause for setting aside the default entered against them,

IT IS RECOMMENDED that Defendants' Motion to Set Aside Default be GRANTED.

DATED this 17th day of July, 2013.

Jeremiah C. Lynch
United States Magistrate Judge