IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CHAD A. MYERS and EMILY J. MYERS, <br><br> Plaintiffs, <br><br> vs. <br><br> BAC HOME LOANS SERVICING, LP; BANK OF AMERICA, N.A.; AMERICA WHOLESALE LENDERS, INC.; COUNTRYWIDE HOME LOANS SERVICING, LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and co-defendants RECONTRUST COMPANY, N.A., and all other parties known or unknown thereof,, <br><br> Defendants. | CV 13-53-M-DWM-JCL <br><br><br> FINDINGS AND RECOMMENDATION |

Plaintiffs Chad and Emily Myers, appearing pro se, filed this action seeking recovery of compensatory damages allegedly caused by Defendants' conduct relative to a real estate loan, deed of trust, and promissory note encumbering their residence at 258 Buttercup Loop, Kalispell, Montana ("the Residence"). The Myers also request the Court rescind the financing documents memorializing the loan transaction, and grant them clear title to the Residence.

The matter is before the Court on the joint Fed. R. Civ. P. 12(b)(6) motion of Defendants BAC Home Loans Servicing, LP ("BAC Home Loans"), Bank of

1

America, N.A. ("Bank of America"), America Wholesale Lenders, Inc.

("American Wholesale"), Countrywide Home Loans Servicing, LP

("Countrywide"); Mortgage Electronic Registration Systems, Inc. ("MERS"), and

ReconTrust Company, N.A. ("ReconTrust") (collectively "Defendants").  The

motion requests the Myers' Amended Complaint be dismissed for failure to state a

claim for relief.  For the reasons discussed, the Court recommends the motion be

granted.

## I.  BACKGROUND

On September 9, 2005, the Myers obtained a mortgage loan for $162,400.00

from a real estate lender, Mann Financial, Inc., as evidenced by a promissory note

("Note") executed by the Myers.  The loan was secured by a Deed of Trust to the

Residence granted by the Myers which identifies Mann Financial, Inc. as the

original lender, names Stewart Title as the trustee, and states MERS is a

beneficiary.  But the Deed of Trust clarifies and provides that MERS "is acting

solely as a nominee for the Lender, and Lender's successors and assigns."  (Doc.

27-1 at 2.)  The Deed of Trust was executed under the Small Tract Financing Act

of Montana, Mont. Code Ann. §§ 71-1-301 et seq.

Five years later, Defendants took steps to foreclose on the Residence.  On

July 1, 2010, MERS executed an Assignment of Deed of Trust transferring the

beneficial interest in the Deed of Trust to BAC Home Loans, identified in the

assignment as being formerly known as Countrywide. On that same date, BAC Home Loans executed a Substitution of Trustee document naming ReconTrust as the successor Trustee under the Deed of Trust, and Recontrust, in turn, executed a Notice of Trustee's Sale with respect to the Residence.

The Myers believe and allege that immediately after they executed the original Note and the Deed of Trust on September 9, 2005, their loan was improperly sold, "securitized", and placed in a Real Estate Mortgage Investment Conduit Trust to be offered as a secured investment.[1] The Myers contend this "securitization" of the loan severed any connection the loan had to the Myers' Residence.

The Myers also allege the securitization of the loan occurred without the proper recording of any transfer or conveyance documents. Specifically, the Myers assert there is no proper transfer or assignment of the Note from Mann Financial, Inc. to Bank of America which allegedly is now the "holder" of the Note. In any case, the Myers allege the securitization distributed the interest in the loan to multiple parties rendering foreclosure on the secured interest in the Residence legally impossible because there is no single entity with the proper

---

[1]Securitization generally describes the process of pooling loans and selling shares in the pools to investors on the open market. *See Commonwealth Property Advocates, LLC v. Mortgage Electronic Registration Systems, Inc.*, 680 F.3d 1194, 1197 n.2 (10th Cir. 2011) (citation omitted); *see also* Christopher L. Peterson, *Predatory Structured Finance*, 28 Cardozo L. Rev. 2185, 2186 n.1 (2007).

authority to foreclose on the secured interest.  In essence, the Myers assert that none of the Defendants have the authority to enforce either the Note or the Deed of Trust, i.e. there exists no "holder in due course" with the authority to enforce the original loan transaction documents.

Finally, the Myers also allege, generally, that Defendants engaged in fraud with respect to the original loan transaction and the subsequent securitization of the interest in the Note and Deed of Trust.

The Myers advance 17 separate legal causes of action against the Defendants as follows:

1.    Defendants violated disclosure requirement set forth in the Federal Deposit Insurance Corporation consumer protection regulations, referring to "Paragraph 19(b)(2)(viii)" – the federal Truth in Lending regulations at 12 C.F.R. §§ 226.19(b)(2)(viii),  (Count I);

2.    Defendants violated disclosure requirement set forth in the federal consumer credit protection laws in the Truth in Lending Act at 15 U.S.C. § 1635 (Count II);

3.    Defendants violated disclosure requirement set forth in the federal Truth in Lending regulations at 12 C.F.R. §§ 226.17 and 226.23 (Count III);

4.    Defendants violated right-to-rescind notice requirements set forth in the federal Truth in Lending regulations at 12 C.F.R. § 226.18 (Count IV);

5.    Defendants violated right-to-cancel requirements set forth in the federal Truth in Lending regulations, 12 C.F.R. § 226, et seq. (Count V);

6.    Defendants violated interest disclosure requirements set forth in the federal Truth in Lending regulations, 12 C.F.R. § 226, et seq. (Count VI);

7.    Defendants violated good-faith estimate requirements set forth in the federal Truth in Lending regulations at 12 C.F.R. § 226.18 (Count VII);

8.    Defendants failed to provide certain consumer statements required by the federal Truth in Lending regulations at 12 C.F.R. § 226.18(p) (Count VIII);

9.    Defendants violated disclosure requirements set forth in the federal consumer credit protection laws – the Truth in Lending Act Regulation Z, 12 C.F.R. § 226 et seq. (Count IX);

10.   Defendants failed to provide mortgage balance calculation disclosures required by the federal Truth in Lending regulations at 12 C.F.R. § 226.4 (Count X);

11.   Defendants failed to provide an itemization of debt acceleration charges as required by the federal Truth in Lending regulations at 12 C.F.R. § 226.21 (Count XI);

12.   Defendants violated several provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, in numerous ways as alleged in the Amended Complaint (Count XII);

13.   Defendants failed to inform the Myers of any substitutions, assignments or transfers of the Deed of Trust, or of any change in the loan servicers in violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. (Count XIII);

14.   Defendants are liable for slander of title, and the Myers are entitled to a declaratory judgment to quiet title to the Residence in their name (Count XIV);

15.   Defendants are liable for fraud, misrepresentations, and violations of the Montana Unfair Trade Practices Act relative to the loan transaction documents and the foreclosure proceedings (Count XV);

16.    Defendants are liable for negligent supervision of their agents and employees (Count XVI); and

17.    Defendants are liable for common law fraud and "injurious falsehood" (Count XVII).

The Myers seek to recover compensatory, treble, and punitive damage, as well as their costs and attorneys' fees.  Additionally, they seek rescission of the loan transaction documents, and judgment granting them clear title to their Residence.

Defendants' assert that the Myers' claims should be dismissed because the allegations fail to set forth sufficient facts to state any legal claim on which relief could be granted.

## II.  APPLICABLE LAW

### A.  Fed. R. Civ. P. 12(b)(6) - Motion to Dismiss Standards

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A dismissal for failure to state a claim under Rule 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a motion to dismiss, a plaintiff's complaint must have sufficient facts "to state a facially plausible claim to relief."  *Shroyer v. New Cingular Wireless*

*Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). The court accepts all factual allegations in the complaint as true and construes the pleadings in the light most favorable to the Myers. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Conclusory allegations and unwarranted inferences, however, are insufficient to defeat a motion to dismiss. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011).

In a Rule 12(b)(6) motion, a court may consider the complaint and only a very few other categories of materials. *Daniels-Hall v. National Education Association*, 629 F.3d 992, 998 (9th Cir. 2010). A court may consider evidence on which the complaint "'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citations omitted). "The court may treat such document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'" *Id*. (citations omitted).

Here, the Defendants have appended to their moving papers copies of the following documents: (1) Deed of Trust dated September 9, 2005; (2) Assignment of Deed of Trust dated July 1, 2010; (3) Substitution of Trustee dated July 1, 2010; and (4) Notice of Trustee's Sale dated July 1, 2010. All of these documents are

properly considered by the Court because the three prerequisites to their consideration are satisfied.

## B. Application of Montana Law

In view of the Myers' claims under federal law, jurisdiction over their claims advanced under Montana law is founded upon the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a). "[A] federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction." *Bass v. First Pacific Networks, Inc.*, 219 F.3d 1052, 1055 n.2 (9th Cir. 2000). "The task of a federal court in a diversity action is to approximate state law as closely as possible in order to make sure that the vindication of the state right is without discrimination because of the federal forum." *Gee v. Tenneco, Inc.*, 615 F.2d 857, 861 (9th Cir. 1980).

When an issue of state law arises and "the state's highest court has not adjudicated the issue, a federal court must make a reasonable determination of the result the highest state court would reach if it were deciding the case." *Medical Laboratory Mgmt. Consultants v. American Broadcasting Companies, Inc.*, 306 F.3d 806, 812 (9th Cir. 2002) (citations omitted). In doing so, the court must "look to existing state law without predicting potential changes in that law." *Ticknor v. Choice Hotels International, Inc.*, 265 F.3d 931, 939 (9th Cir. 2001) (citation

omitted). The court should also rely on other persuasive authorities including treatises and decisions from other jurisdictions, as guidance. *Strother v. Southern California Permanente Medical Group*, 79 F.3d 859, 865 (9th Cir. 1996).

### C. Pro Se Pleadings

Because the Myers are proceeding pro se, the Court must construe their pleadings liberally, and their allegations, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). In general,

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## III. DISCUSSION

The Court first notes that although the Myers filed a brief in response to Defendants' motion to dismiss, the arguments they present do not respond to any of the specific legal arguments for dismissal advanced by Defendants under Fed. R. Civ. P. 12(b)(6). The Myer's failure to respond to the specific grounds for dismissal is deemed an admission that Defendants' motion is well-taken. L.R.

7.1(d)(1)(B).  The Court takes that admission into account when considering

Defendants' motion.

### A.     Truth In Lending Act and the Real Estate Settlement Procedures Act

The Defendants contend the twelve claims advanced under the Truth In

Lending Act, 15 U.S.C. § 1601 through § 1667f, and the Real Estate Settlement

Procedures Act, 12 U.S.C. § 2601 et seq., are barred by the pertinent statutes of

limitations.  The Court agrees.

The Truth in Lending Act provides consumers with a right to rescind a

residential secured loan transaction if a lender fails to comply with disclosure

requirements under the Truth in Lending Act and its regulations.  15 U.S.C. §

1635(a); *McOmie-Gray v. Bank of America Home Loans*, 667 F.3d 1325, 1327 (9th

Cir. 2012).  The Truth in Lending Act, however, requires that a right of action be

commenced within three years of "the date of consummation of the transaction[.]"

15 U.S.C. § 1635(f); *McOmie-Gray*, 667 F.3d at 1328, 1329 (concluding the right

of rescission extinguishes three years after the date of the original loan

transaction).  *See also Beach v. Ocwen Federal Bank*, 523 U.S. 410, 419 (1998)

(recognizing that no right to rescind is permitted after the 3-year period set forth in

section 1635(f)).

Additionally, the Truth in Lending Act at 15 U.S.C. § 1640 provides a

consumer with a cause of action for damages caused by a lender's violation of the

Act.  *McOmie-Gray*, 667 F.3d at 1328.  The action, however, must be commenced "within one year from the date of the occurrence of the violation[.]"  15 U.S.C. § 1640(e).  *See King v. State of California*, 784 F.2d 910, 913 (9th Cir. 1986).

All of the Myers' claims under the Truth in Lending Act accrued prior to the date of the Notice of Trustee's Sale – July 1, 2010.  And the consummation of the original loan transaction occurred on September 9, 2005.  Thus, the Myers' Truth in Lending Act claims are clearly barred by the one-year and the three-year periods of limitations in sections 1635(f) and 1640(e), respectively, as discussed above.  Consequently, the Myers claims in Counts I through XI should be dismissed.

The Real Estate Settlement Procedures Act requires lenders to respond to inquiries from borrowers and to provide information regarding the servicing of a loan.  12 U.S.C. § 2605(e).  *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 665 (9th Cir. 2012).  The lender's obligation to provide the information, however, is triggered by a "qualified written request" for the information from the borrower.  12 U.S.C. § 2605(e)(1)(B).  *Medrano*, 704 F.3d at 666 (discussing what constitutes a sufficient "qualified written request" to trigger the obligation).

If a lender fails to provide the required information in response to a proper request, the Act permits a cause of action to be filed in federal district court.  12 U.S.C. § 2614.  But an action for a violation of section 2605 must be commenced "within 3 years [...] from the date of the occurrence of the violation[.]"  12 U.S.C.

§ 2614.  A complaint filed more than 3 years after the lender's obligation to provide loan servicing information was triggered is barred by the section 2614 statute of limitations.  *McDonnell v. Bank of America*, 2013 WL 3013658, \*4 (E.D. Cal. 2013).

The Myers' allegations do not identify any "qualified written request" that they made to any Defendant which might have triggered the duty to provide responsive information under section 2605(e).  Consequently, the Myers' allegations fail to state a claim for relief under section 2605(e).

Furthermore, the Myers did not commence this action until March 1, 2013.  Any claim the Myers may have for an alleged violation of section 2605(e) which may have occurred more than 3 years prior to March 1, 2013, is barred by the statute of limitations in 12 U.S.C.§ 2614.  The Myers' allegations do not identify any violation occurring within that 3-year time frame.  Therefore, the Myers' Real Estate Settlement Procedures Act claim in Count XIII should be dismissed.

## B.  <u>Claims of Fraud</u>

Federal Rule of Civil Procedure 9(b) requires that claims of fraud "must state with particularity the circumstances constituting fraud[.]"  *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013).  "Rule 9(b)'s particularity requirement applies to state-law causes of action."  *Salameh*, 726 F.3d at 1133 (quoting *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003)).

Similarly, claims of negligent misrepresentation "sound in fraud" and, therefore, must also comply with the particularity requirements of Rule 9(b). *Goldberg v. BAC Home Loans Servicing, LP*, 2013 WL 4501014, *4 (S.D. Cal. 2013) (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009)). To satisfy the particularity standard a pleading must "'identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false.'" *Salameh*, 726 F.3d at 1133 (quoting *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011)).

The Myers' claims of fraud and misrepresentation asserted in Counts XV and XVII of the Amended Complaint are not pled with any particularity. The Myers do not include the necessary specific and detailed factual allegations of the fraudulent or misleading conduct allegedly committed by any Defendant which could give rise to liability. Furthermore, since the Myers did not respond to this aspect of Defendants' motion they have not explained the allegations in their Amended Complaint. Consequently, the Myers' claims fail to satisfy Rule 9(b)'s particularity requirement, and Counts XV and XVII should be dismissed.

### C.    Fair Debt Collection Practices Act

In Count XII of their Amended Complaint, the Myers assert that Defendants are liable for violations of various provisions of the Fair Debt Collection Practices

Act (FDCPA). They present allegations in several paragraphs mimicking the language of specific provisions of the FDCPA at 15 U.S.C. § 1692e(2), (5), (7), (8), and § 1692f(1) and (6).

The Court finds the Myers' allegations under the FDCPA are nothing more than recitations of the referenced FDCPA provisions without any specific factual allegations identifying the conduct committed by any Defendant which gives rise to liability under the FDCPA. Allegations that are nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" are not sufficient to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Therefore, the Myers' claims under the FDCPA in Count XII should be dismissed.

### D. Slander of Title and Petition to Quiet Title

In Count XIV of their Amended Complaint the Myers assert Defendants are liable for slander of title by clouding title to their Residence. Defendants have allegedly recorded documents improperly, unlawfully, or falsely transferring interests in, and claiming an interest in, the Residence. The Myers contend that Defendants have no legally enforceable claim or interest in the Residence and, therefore, the Myers are entitled to a judgment invalidating the debt or reforming the Note, and granting them quiet title under Montana law.

Under Montana law, a quiet title action is authorized for the purpose of determining a person's rights in claiming title to real property as against others' claims to that property. *See* Mont. Code Ann. § 70-28-101. To obtain a decree to quiet title to property involving a mortgage interest, a mortgagor must establish: (1) that the debt has been satisfied, (2) that he has offered to pay the debt; or (3) the debt is unenforceable as a matter of law. *See Montana Valley Land Co. v. Bestul*, 253 P.2d 325, 328 (Mont. 1953).

The Myers do not set forth sufficient factual allegations to state a viable quiet title claim. They do not contend their debt has been satisfied, or that they have offered to pay the debt. Further, for the reasons discussed in this recommendation, the various legal theories on which the Myers rely in their Amended Complaint to suggest that their debt obligation in the Note is unenforceable lack legal merit. Thus, they do not present a viable quiet title claim.

Under Montana law, an action for slander of title arises "where one 'maliciously publishes false matter which brings in question or disparages the title to property, thereby causing special damage to the owner.'" *Pryor v. Babcock Building Corp.*, 45 P.3d 35, 37 (Mont. 2002) (citations omitted).

Here, the Myers allege that "Defendants have knowingly and maliciously communicated, in writing, false statements that have the effect of disparaging the

title to property." (Doc. 8 at 16.) But the Court finds these conclusory allegations fail to present sufficient supporting factual information.

To survive a Rule 12(b)(6) motion to dismiss, allegations in a pleading must contain sufficient facts beyond mere conclusory statements. The standard of review under Rule 12(b)(6) is informed by the provision of Fed. R. Civ. P. 8(a)(2) which requires that a pleading "must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) (quoting Rule 8). Although Rule 8(a)(2) does not require "detailed factual allegations", a plaintiff must set forth more than bare allegations that the defendant unlawfully harmed the plaintiff. *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). For purposes of Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The factual allegations must "show[] that the pleader is entitled to relief[.]" *Id*., 556 U.S. at 679 (quoting Rule 8(a)(2)).

The Myers' allegations in their cause of action for slander of title are insufficient under the foregoing Rule 12(b)(6) standards. The allegations fail to present any factual information on which the Court can make the reasonable

inference that any specific Defendant acted maliciously with respect to the transaction documents filed and recorded with respect to the Myers' Residence, or that any specific matter in the transaction documents is actually false. Absent this requisite factual specificity in the allegations, the Myers' claim for slander of title is nothing more than "a formulaic recitation of the elements of a cause of action" for slander of title, and is not sufficient to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Defendants' motion should be granted as to their slander of title claim in Count XIV.

### E. Montana Unfair Trade Practices Act and Consumer Protection Act

The Myers include allegations in Count XV of their Amended Complaint purporting to advance claims under the Montana Unfair Trade Practices and Consumer Protection Act, Mont. Code Ann. § 30-14-101 et seq. They contend Defendants induced them to enter into the loan transaction based on false representations, commenced unlawful foreclosure proceedings against them based on fraudulent, missing, or blank documents, and made misrepresentations as to the identity of the lender and the mortgagee. The Myers allege Defendants generally deceived them and engaged in unfair and deceptive trade practices.

Montana's Consumer Protection Act declares that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful." Mont. Code Ann. § 30-14-103. Any consumer who

sustains a loss as a result of conduct that is unlawful may pursue a cause of action for relief.  Mont. Code Ann. § 30-14-133.

The Myers' allegations in Count XV are consistent with, and track the language of, the provisions of the Consumer Protection Act.  But their allegations do not include any specific factual assertions sufficient to suggest Defendants' liability is plausible, or to state a claim to relief that is plausible on its face as required to survive a Rule 12(b)(6) motion to dismiss.  *Ashcroft*, 556 U.S. at 678. Plausibility does not equate with "probability", and it requires "more than a sheer possibility that a defendant has acted unlawfully[.]"  *Id*.  The Myers' allegations in their Amended Complaint do not include any factual information from which the Court can make the reasonable inference that any specific Defendant engaged in an unfair or deceptive act or practice.  The Myers' allegations merely asserting that Defendants engaged in unfair or deceptive acts or practices are insufficient and are nothing more than a formulaic recitation of the elements of a Consumer Protection Act claim.  Defendants' motion should be granted as to the Consumer Protection Act claim in Count XV.

### F.    Negligence or Negligent Supervision

The Myers assert a cause of action for negligence or negligent supervision. They allege Defendants owed the Myers a duty of care with respect to Defendants' supervision of their employees and agents.  The Myers allege Defendants'

employees and agents were negligent in that they "acted unlawfully and violated Plaintiffs' property rights[,]" and that Defendants are liable for the negligent conduct of their employees and agents. (Doc. 8 at 18.) The Myers allege they sustained damages as a result of the alleged negligence.

A cause of action for negligence requires the plaintiff to prove four essential elements: "(1) the defendant owed the plaintiff a legal duty, (2) the defendant breached that duty, (3) the breach was the actual and proximate cause of an injury to the plaintiff, and (4) damages resulted." *Peterson v. Eichhorn*, 189 P.3d 615, 620-21 (Mont. 2008).

The Myers' allegations in their claims for negligence do not provide any factual information identifying specific acts or omissions which constitute breaches of legal duties owed to the Myers that caused them injury. For the reasons discussed above, none of the Myers' causes of action survive dismissal and, therefore, there is no predicate grounds on which the Myers' claims of negligence could be based. Thus, the claims of negligence should be dismissed.

## G.    The Myers' Remaining Arguments

Although the Myers' brief in opposition to Defendants' motion to dismiss did not directly respond to the specific legal arguments advanced by Defendants, the Myers did assert additional theories allegedly either exposing Defendants to

liability, or invalidating Defendants' asserted right to foreclose on the Myers'

Residence.  The Court will address the Myers' various arguments.

**1.      Bifurcation or Split Ownership of the Note and the Deed of Trust**

The Myers argue that as a result of the Defendants' various transfers of

interests in the Note and the Deed of Trust, there is no one person or entity which

currently holds an interest in both the Note and the Deed of Trust.  They contend

this bifurcation of the rights and interests in the Note and the Deed of Trust is fatal

to Defendants' legal rights to enforce the Note or foreclose on the Deed of Trust.

The Myers' argument, however, fails.

No cognizable legal theory of recovery supports the Myers' assertion that

the Note and the Deed of Trust are unenforceable based on this split-the-note, or

bifurcation theory, and other courts have uniformly rejected the assertion.  Even if

the various transfers split the Note from the Deed of Trust in this case, it does not

follow that "no party has the power to foreclose." *Cervantes v. Countrywide

Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011).  The fact that transfers of a

promissory note and an associated deed of trust result in different entities holding

those interests does not cloud title to the property and does not provide a basis on

which to quiet title in the mortgagor.  *See Heffner v. Bank of America*, 2012 WL

1636815, *4 (D. Mont. 2012).  *See also Washburn v. Bank of America, N.A.*, 2011

WL 7053617, *5-6 (D. Idaho 2011) (citing cases); and *Hoilien v. OneWest Bank,*

*FSB*, 2012 WL 1379318, *6 (D. Hawaii 2012) (rejecting the "note-splitting"

theory and citing *Cervantes*, 656 F.3d at 1044).

## 2. MERS' Interest and Authority

The Myers present arguments challenging the statements or the information

set forth in the Notice of Trustee's Sale making representations as to MERS'

interest in the Deed of Trust, and its authority to sell the Myers' Residence.[2]  The

Myers complain that the Notice of Trustee's Sale describes the Deed of Trust as

having been conveyed "to secure an obligation owed to [MERS]," but the Myers

assert MERS never owned the Note and it was designated "solely" as the nominee

for the lender in the Deed of Trust.  The Myers complain that the Notice

inaccurately describes MERS' interest in the Deed of Trust, and they also

implicitly suggests that MERS cannot serve as the lender's agent.

The Myers are correct in suggesting MERS is neither factually, nor legally

the entity to which the subject debt obligation is owed.  As a matter of law, MERS

does not hold the beneficial interest in the Deed of Trust, and is not the

---

[2]MERS is an electronic database operated by MERSCORP, Inc. and created to track transfers of "beneficial interests" in home loans, and to track changes in loan servicers.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1038 (9th Cir. 2011).  The MERS system was created to avoid the cumbersome process of recording multiple transfers of the deed of trust with the county by designating MERS as the nominal record holder of the deed of trust on behalf of the original lender and any subsequent lender, thereby requiring the deed of trust to only be recorded once.  *Id*. at 1039.

"beneficiary" within the contemplation of the Montana's Small Tract Financing Act ("STFA"). *See Heffner*, 2012 WL 1636815 at *4 (citing *Joseph v. Bank of America Corp., et al.*, Cause Number CV 11-129-BLG-RFC-CSO (D. Mont. Findings and Recommendations dated April 23, 2012 at 26-28)).

But to address the Myers' concerns as to the statement in the Notice of Trustee's Sale regarding MERS' interest suggesting it is a beneficiary under the STFA, the Court notes that the Notice of Trustee's Sale does not operate to legally grant the beneficial interest to MERS. Only the Deed of Trust grants the beneficial interest, and the Deed of Trust in this case clarifies that MERS is acting solely as the nominee for the lender or beneficiary.

Furthermore, to the extent the Myers suggest MERS has no authority with respect to the foreclosure proceedings against the Myers' Residence, they are incorrect. Montana law, as applied under the provisions of the STFA, permits principals – e.g. beneficiaries and trustees – to delegate tasks to agents. *See Heffner*, 2012 WL 1636815 at *4-5 (citing *Diehl v. Northwest Trustee Services, Inc. et al.*, 2010 WL 2178513, *1-2 (D. Mont. 2010), affirmed 2011 WL 834140, **1 (9th Cir. 2011) and *Knucklehead Land Co., Inc. v. Accutitle, Inc.*, 172 P.3d 116, 120-121 (Mont. 2007)). Specifically, a lender is permitted to appoint MERS as its nominee in a STFA deed of trust, and to appoint MERS as its agent "cloaked with authority to act on the lender's behalf under the Deed of Trust." *Heffner*,

2012 WL 1636815 at *4-5 (quoting *Joseph v. Bank of America Corp., et al.*, Cause Number CV 11-129-BLG-RFC-CSO (D. Mont. Findings and Recommendations dated April 23, 2012 at 33-34)).

In this case, the Deed of Trust identifies MERS as "a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns." (Doc. 27-1 at 2.)  The Deed of Trust then delegates authority to MERS as follows: "MERS (as nominee for Lender and Lender's successors and assigns) has the right:  to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and cancelling this [Deed of Trust]."  (Doc. 27-1 at 4.)  Thus, under Montana law, and contrary to the Myers' suggestion, MERS has authority to act relative to the foreclosure process on the Myers' Residence.

### 3. <u>Securitization of the Note</u>

The Myers argue that their loan transaction secured by the Deed of Trust was converted into a mortgage-back security interest and sold to investors.  The Myers complain that there is no properly recorded documentation of the transfer of legal title as was necessary for the securitization process to be valid.  They contend this absence of a proper chain of title clouds the title to the Myers' Residence.  They also assert that the securitization process created multiple

unknown investors rendering the Myers' subject to multiple claims, thus multiplying their potential liability. Ultimately, the Myers complain that the securitization and separation of the Note from the Deed of Trust has rendered the Note and Deed of Trust unenforceable. But for the reasons discussed, the Court concludes the alleged securitization of the Myers' loan does not affect Defendants' ability to enforce the Note and the Deed of Trust.

Courts have consistently rejected mortgagors' theories asserting that the sale and securitization of a loan invalidates the power of sale authorized in a deed of trust. *Washburn v. Bank of America, N.A.*, 2011 WL 7053617, *5 (D. Idaho 2011) (citing cases). The theory that the securitization of a promissory note renders a deed of trust unenforceable "is frivolous, [and] has no support in the law[.]" *Marty v. Wells Fargo Bank*, 2011 WL 1103405, *7 (E.D. Cal. 2011) (citing cases). Furthermore, the Deed of Trust in this case permits the Note to be sold. (Doc. 27-1 at 11.) Therefore, under the circumstances alleged by the Myers, the securitization of the Note does not affect the enforceability of the Deed of Trust or the power of sale authorized in the Deed of Trust. *See Heffner v. Bank of America*, 2012 WL 1636815, *3 (D. Mont. 2012).

### 4. Individuals' Signatures on Transaction Documents

The Myers challenge, as logistically impossible, the events surrounding the execution of the Assignment of Deed of Trust, Substitution of Trustee, and Notice

of Trustee's Sale, all of which occurred on the same day on July 1, 2010. Specifically, Carmella Boone, identified as the Assistant Secretary of MERS, signed the Assignment of Deed of Trust in the State of Texas. But the Myers seem to suggest that is logistically impossible because MERS is a Delaware corporation with a Michigan business address. Next, Tiffany Wooten, identified as authorized to sign on behalf of BAC Home Loans, signed the Substitution of Trustee in the State of Texas, but BAC Home Loans is a California business entity. Finally, Venida Banks signed the Notice of Trustee's Sale on behalf of ReconTrust in Texas, Tarrant County, but the Myers suggest that cannot be because ReconTrust is a business entity in Collin County, Texas. They further suggest Ms. Banks was an employee of Bank of America and, therefore, must not have been an employee of ReconTrust. In short, given the different states in which the various Defendants were formed and are organized, the Myers suggest it is not logistically possible that all of the individuals who signed the documents were in Tarrant County, Texas, at the same time to sign the documents. The Myers also suggest it is not possible that all the documents were notarized by the same notary, Connie Briscoe, in Tarrant County, Texas.

The Myers' assertions regarding the factual logistics surrounding the execution of the documents are entirely without merit. There is no factual or legal barrier prohibiting a corporate or business entity from being legally organized in

one state, and also having branch offices in other states staffed by employees and agents authorized to do business on behalf of the employing business entity. Further, it is not factually or legally impermissible for Ms. Banks to be an employee or agent of both Bank of America and ReconTrust, if that is the case. The Myers' logistical concerns have no legal bearing on the validity of the documents in the record of this case, and have no relevance to the pending motion to dismiss.

### 5.    Conflicting Information as to the Holder of the Note

The Myers complain that the Notice of Trustee's Sale, and information obtained subsequent to the Notice, produced conflicting information as to the entity that is the actual beneficiary under the Deed of Trust, or the owner of the Note.  The Notice of Trustee's Sale identified BAC Home Loans as the then present owner of the debt secured by the Deed of Trust.  But the Myers advise that BAC Home Loans later informed the Myers that Federal National Mortgage Association was the owner of the Note.  Thus, the Myers again question who actually owns the Note, and who actually has the authority to foreclose on the Residence.

The conflicting information identified, and the questions raised by the Myers do not present any legal claim against any particular Defendant on which the Court could grant relief.  Thus, the Myers' arguments in this regard –

questioning who owns the debt – do not serve any legal purpose in avoiding dismissal under Rule 12(b)(6).

## IV.  CONCLUSION

For the reasons discussed above, the Myers' allegations fail to state a viable claim for relief under any of the legal theories advanced in their Amended Complaint.  Therefore, IT IS RECOMMENDED that Defendants' motion to dismiss be GRANTED, and this action be DISMISSED.

DATED this 23rd day of October, 2013.

Jeremiah C. Lynch
United States Magistrate Judge