IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CHAD A. MYERS and EMILY J. MYERS,<br><br>Plaintiffs,<br><br>vs.<br><br>BAC HOME LOANS SERVICING, LP; BANK OF AMERICA, N.A.; AMERICA WHOLESALE LENDERS, INC.; COUNTRYWIDE HOME LOANS SERVICING, LP; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and co-defendants RECONTRUST COMPANY, N.A. and all other parties known or unknown thereof,<br><br>Defendants. | CV 13–53–M–DWM–JCL<br><br>ORDER |

Plaintiffs Chad and Emily Myers, appearing pro se, filed this action seeking recovery of compensatory damages allegedly caused by Defendants' conduct relative to a real estate loan, deed of trust, and promissory note encumbering their residence at 258 Buttercup Loop, Kalispell, Montana ("the Residence"). The Myers also request the Court rescind the financing documents memorializing the loan transaction, and grant them clear title to their Residence. The matter is before

1

the Court on the joint Fed. R. Civ. P. 12(b)(6) motion of Defendants. (Doc. 25.) Magistrate Judge Jeremiah Lynch entered Findings and Recommendations on October 23, 2013, recommending that Defendants' motion to dismiss be granted. (Doc. 40.) Also on October 23, 2013, the Myers filed a motion for leave to file an amended complaint. (Doc. 39.)

The Myers have not filed objections to Judge Lynch's Findings and Recommendation. The Court reviews the findings and recommendations that are not specifically objected to for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court finds no clear error in Judge Lynch's recommendation to grant Defendants' motion to dismiss. The Court denies the Myers' motion for leave to file an amended complaint. Because the parties are familiar with the factual and procedural background, it will not be restated here.

I.

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Id.* at 663. The Court accepts all factual allegations in the complaint as true and construes the pleadings in the light most favorable to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

The Court finds no clear error with Judge Lynch's finding that the twelve claims advanced under the Truth in Lending Act, 12 U.S.C. § 1601 to § 1667f, and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq., are barred by the pertinent statute of limitations. The Myers' claims fail to meet the one- or three-year statute of limitations for the Truth in Lending Act. *See* 15 U.S.C. § 1635f and § 16040(e). The Myers' allegations under the Real Estate Settlement Procedures Act do not identify a "qualified written request" as to qualify to state a claim for relief under 12 U.S.C. § 2605(e) and none of their allegations fall with the three-year time frame permitted. Therefore, Counts I through XI and XIII are dismissed for failure to state a claim.

The Myers' claims for fraud and misrepresentation asserted in Counts XV and XVII of the Amended Complaint are not pled with any particularity. *See* Fed. R. Civ. P. 9(b); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

Therefore, these counts are dismissed for failure to state a claim.

The Court finds no clear error in Judge Lynch's determination that the Myers' Amended Complaint fails to provide sufficient factual information to state a viable claim under the Fair Debt Collection Practices Act, quiet title, slander of title, a violation of the Montana Unfair Trade Practices Act and Consumer Protection Act, or negligence or negligent supervision. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Due to the failure to provide sufficient factual information, Counts VIII, XII, XIV, and XVI are dismissed.

The Myers' further arguments, as explained by Judge Lynch, are unpersuasive. Furthermore, the conflicting information identified and the questions raised by the Myers do not present any legal claim against any particular Defendant on which this Court could grant relief. As such, these additional arguments do nothing to bolster the Myers' claims in the face of dismissal under Rule 12(b)(6).

Based on the foregoing, the Defendants' motion to dismiss is granted, and the Myers' Amended Complaint is dismissed.

II.

The Myers have also filed a motion for leave to amend their Complaint, which is now before the Court. Rule 15(a) of the Federal Rules of Civil Procedure

provides that "leave shall be freely granted when justice so requires." This policy of favoring amendments to the pleadings should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). However, leave to amend may be denied if the proposed amended pleading is futile or would be subject to dismissal. *Deveraturda v. Globe Aviation Security Servs.*, 454 F.3d 1043, 1046 (9th Cir. 2006). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid claim or defense." *Sweaney v. Ada Co., Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997). Futility of amendment, standing alone, can justify the denial of a motion for leave to amend, *United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001), even if the party is pro se, *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Because futility essentially examines whether a statement of a claim has been made, the standards governing Rule 12(b)(6), as discussed above, apply.

Almost all of the counts included in the complaint proposed by the Myers (Doc. 39-1) are the same as those in the Amended Complaint addressed by Judge Lynch (Doc. 8).[1] As discussed above, these allegations would be subject to

---

[1] Although both complaints contain almost the same allegations, the number of the counts varies between the two. Although Counts I-VIII of the amended complaint are not in the proposed complaint, the following counts are the same

5

dismissal for failure to state a claim upon which relief can be granted. Therefore, allowing amendment as to these claims would be futile. The only arguably new allegations contained in the proposed complaint are Count I: Declaratory Relief and Count X: Common Law Fraud and Predatory Lending.

The allegations contained under Count X of the proposed complaint (Doc. 39-1) are essentially the same as those contained under Count XVII: Common Law Fraud and Injurious Falsehood of the Amended Complaint (Doc. 8). As noted above, the Myers' fraud claims are dismissed for failure to plead with particularity. *See* Fed. R. Civ. P. 9(b). The addition of the term "Predatory Lending" to the title of the Count, with no additional allegations or factual support, does not save this claim from dismissal under Rule 12(b)(6).

The only remaining fundamental change in the proposed complaint is the addition of Count I: Declaratory Relief. The allegation requests declaratory relief pursuant to Montana Code Annotated § 27-8-101. The proposed complaint alleges jurisdiction under 28 U.S.C. § 1331. However, if all of the Myers' claims are dismissed for failure to state a claim, the only possible remaining grounds for federal jurisdiction would be diversity. Diversity jurisdiction has not been

---

(amended complaint, proposed complaint): IX, II; X, III; XI, IV; XII, V; XIII, VI; XIV, VII; XV, VIII; XVI, IX; and XVII, X. (*See* Docs. 8 and 39-1.)

6

specifically plead. Even if the Court construes the proposed complaint liberally, the dollar amounts in question do not amount to the requisite $75,000. Therefore, the addition of a declaratory relief claim under Montana law would not prevent dismissal of the Myers' claims. As amendment would be futile, the Court is justified in denying leave to amend.

Based on the foregoing, IT IS ORDERED that the Findings and Recommendation (Doc. 40) is ADOPTED IN FULL. Defendants' motion to dismiss (Doc. 25) is GRANTED. The Myers' Amended Complaint (Doc. 8) is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the Myers' motion for leave to file an amended complaint (Doc. 39) is DENIED.

Dated this 2nd day of December, 2013.

Donald W. Molloy, District Judge
United States District Court